### Simon Pierce *versus* Jacob Weymouth.

The plaintiff, having an equitable interest in certain real estate, with the consent of the legal owner, sold the same to the defendant for a specified sum, the amount due to the holder of the title to be paid to him, and the balance to the plaintiff. The defendant paid the amount for which the land was held and received a deed; the consideration therein named was the sum paid. On the refusal of the defendant to pay the balance to him, the plaintiff brought his action of assumpsit therefor, and *it was held :* —

*That* the parol agreement of defendant to pay a further consideration, additional to that expressed in the deed, is binding and may be enforced : —

*That* the equitable interest of plaintiff, which passed to him with the legal title, was a sufficient consideration for such promise.

Assumpsit to recover a sum due from defendant to plaintiff, for his equitable interest in a house and lot in Fairfield, sold and conveyed to plaintiff.

At *Nisi Prius*, Tenney, C. J., presiding, after the evidence was introduced, the case was taken from the jury, by consent, to be submitted on Report to the full Court, who were authorized to exercise jury powers.

The report of the evidence is somewhat voluminous; the nature and substance of it appear in the opinion of the Court. The case was argued by

*Abbott,* for the plaintiff, and by

*Snell,* for defendant.

The following authorities were cited to the point that parol testimony is inadmissible to contradict the deed and bond which is in the case : — *Chadwick* v. *Perkins,* 3 Maine, 399 ; *Elder* v. *Elder,* 10 Maine, 80 ; *Osgood* v. *Davis,* 18 Maine, 149 ; *Hilton* v. *Homans,* 23 Maine, 136 ; *McLellan* v. *Cumberland Bank,* 24 Maine, 566 ; 2 Kent's Com. (7th ed.,) 719, 720 ; *Steele* v. *Adams,* 1 Maine, 1 ; *Emery* v. *Chase,* 5 Maine, 232 ; *Tyler* v. *Carlton,* 7 Maine, 175 ; *Linscott* v. *Fernald,* 5 Maine, 496 ; Chitty on Contracts, (7th ed.,) 59, 99.

There was no consideration for the defendant's alleged promise. 2 Kent's Com. (7th ed.,) 586, 594 ; *Miller* v. *Wyman,* 3 Pick. 207 ; Chitty on Contracts, (7th ed.,) 59.

The opinion of the Court was drawn up by

DAVIS, J.— The plaintiff, in 1856, had an. equitable interest in certain real estate, of which Fanny Osborne and William Osborne had the legal title. By an arrangement between him and the Osbornes, the plaintiff negotiated a sale of the property to the defendant, for the sum of five hundred dollars. The plaintiff contends, and we are satisfied from the testimony, that the defendant was to pay off an incumbrance amounting to ninety-five dollars, and pay the Osbornes the amount of their claim on the property, and the balance of the five hundred dollars he was to pay to the plaintiff. The contract was not reduced to writing.

The defendant paid off the incumbrance; and then, on payment of the sum due to the Osbornes, they gave him a deed of the property, in which they acknowledged the receipt of three hundred and twenty dollars as the consideration for the conveyance. The defendant afterwards refused to pay the plaintiff the balance of the five hundred dollars; and he contends that the acknowledgment in the deed is conclusive, and that the plaintiff is estopped from denying that the whole consideration for the property has been paid.

But the plaintiff does not deny that the consideration named in the deed has been paid. He contends, however, that the defendant made a parol agreement to pay a further consideration additional to that expressed in the deed; and we have no doubt, notwithstanding the conflict of testimony, that the defendant so agreed. Such an agreement is valid and binding, and may be enforced. *Nickerson v. Saunders*, 36 Maine, 413. The equitable interest of the plaintiff, which passed to the defendant with the legal estate, was a sufficient consideration for the promise. The defendant must be defaulted for the sum demanded, with interest thereon from the date of the writ.

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and MAY, J. J., concurred.