## EMELINE M. HUFF v. HENRY L. HALL.

*Proof of contents of letter—Letter-press copies—Value—Statute of frauds—Sale.*

1. The contents of a letter can be proved by the recollection of the recipient and by that of others to whom a letter has been shown which is identified as the one in question, if proof is made that diligent search has been made for the letter itself and that it cannot be found.

2. The refusal to admit letter-press copies of letters written by one party to the husband of the other cannot be assumed to be error; and if the bill of exceptions does not show their purport their materiality cannot be determined, even if they would otherwise be admissible, which is questionable.

3. One need not be a real-estate dealer to testify as to the value of real estate.

4. The Statute of Frauds does not exclude the liability of a purchaser to pay for land purchased where there is no written evidence of such liability.

5. Every transfer of land for an equivalent is practically a sale, and money's worth is as much a valuable consideration as money. The right of dower, however, where lands are exchanged, may possibly be confined to one of the parcels.

Error to Hillsdale.   (Howell, J.)   April 16.—April 22.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*C. A. Shepard* and *John B. Shipman* for appellant.

*H. G. Bailey* for appellee.

CAMPBELL, J.   Plaintiff sued defendant to recover her alleged share in the proceeds of certain property, consisting of fifty acres of land in Adams, Hillsdale county, which she claims to have conveyed to him subject to a certain mortgage of $1354, and interest, upon the agreement that he would pay her the balance of any proceeds when he should sell it, and that it should not be sold for less than $3500,—she to have the use of it till sold.   Plaintiff claims that defendant sold the property in March, 1878, to David Stebbins, of Toledo, and received in payment a house and lot in Toledo valued at $3500. The amount of the mortgage at the date of this sale was $1792.17, which would leave the balance claimed at about $1700.   The jury found a verdict for $763.89, which, allowing for the running of interest till the trial—a period of nearly four years and a half,—would indicate a disallowance of about half of the claim, and the allowance of a set-off for rent of a house during the same period.   The basis of recovery having been fixed by the excess in value of the Toledo property over the mortgage, the jury must have found that it was not taken as worth $3500.   Defendant denied the whole arrangement and claimed he took the property in satisfaction of the mortgage.

The errors assigned by defendant, who complains of the judgment below, relate chiefly to matters of evidence, and to some parts of the charge.

Plaintiff was allowed to give secondary evidence of the contents of a letter from defendant to herself, after proving that she received it by mail from Toledo, and after reading it laid it by in a book to preserve it; and that afterwards, upon looking for it the letter could not be found, in spite of diligent search.   The contents were proved by plaintiff and subsequently a witness named Vreeland testified concerning the contents of a letter shown to him by plaintiff's husband, which is sworn to by the husband to have been the same let-

ter. All this testimony was admissible, inasmuch as a proper proof of loss was made out.

Defendant complains of the refusal of the court to let him introduce his letter-book to show what letters he wrote to defendant's husband, defendant denying that he wrote any letter to plaintiff. Two of these letters relating to their mutual dealings were admitted. As the bill of exceptions does not show the purport of the excluded copies it is impossible for us to determine how far they would have been material, if admitted, and we cannot assume the rejection was improper. We doubt whether the letters themselves, which were not addressed to plaintiff would have been admissible without further showing than appeared; but this we need not consider.

Objection is made that Mr. Stebbins, the owner of the Toledo property who was allowed to testify concerning its value, did not show himself qualified to do so. We do not think the objection well founded. He showed as much knowledge of values as could be expected from one who was not a dealer in real estate. His difficulty in getting at selling rates was explained as arising from a stagnation in the market. But he swore that he knew $3500 was not far off from its real value, and its cost was over $3700. The witness swore carefully and in our opinion gave testimony which the jury could properly consider. As far as we can judge from the record they did not take his highest estimate, but made a considerable reduction.

The only defense going to the whole case is the claim that the transaction between Hall and Stebbins was a barter or exchange and not a sale, and therefore plaintiff could not recover as for proceeds of a sale. And it is further claimed that the statute of frauds stands in the way of defendant's being bound to account for the proceeds beyond the mortgage.

It has never been held, so far as we know, that the liability of a purchaser to pay for land purchased must be evidenced by writing. It is always open to extrinsic proof. Deeds are seldom executed by both parties, and it is very common to

omit an accurate statement either of the amount of consideration or of the terms and manner of payment.

The claim that a transaction is not a sale where the consideration is land and not money, is no better founded. There may be some cases where certain incidents differ. Where lands are exchanged, it may confine the right of dower to one of the parcels. But every transfer of property for an equiva lent is practically and essentially a sale, and the deed of bargain and sale is almost universally used to convey land so transferred. Money's worth is a valuable consideration, as much as money itself. If the parcels are honestly valued, the value agreed upon may be usually assumed as the price. If not valued, the only other means of estimate is the real value, as nearly as it can be shown. It would be contrary to justice and good sense to hold that a person responsible for the price of land to be sold, could exonerate himself by giving it away, or by exchanging it for other lands, instead of for cash.

We think the case was fairly submitted, and that there is nothing calling for reversal.

The judgment should be affirmed.

The other Justices concurred.