## WALKER v. SHACKELFORD.

1. USE AND OCCUPATION: *Action for: Statute of frauds: Evidence.*

Plaintiff and defendant owned adjoining lots, and entered into a parol agreement whereby the defendant was to use a brick wall on the plaintiff's lot, in erecting a building upon his own lot, and was to pay for the privilege the sum of $250, to be paid on the completion of the building. Defendant used the wall in the construction of his building, as agreed upon, and continued to use it until it was destroyed by fire, but refused to make any payment, and resisted a recovery for the use and occupation of the wall, on the ground that the agreement, being for an interest in land and not being in writing, was void. *Held:* That although no recovery can be had upon the express contract, because that is within the statute of frauds, yet the defendant is liable for the use and occupation of the wall, and the terms of the parol demise may be shown as evidence of the amount of damages to be recovered. (*Mansf. Dig., sec. 4168.*)

2. STATUTE OF FRAUDS; *Parol agreement for use of wall: Performance of contract.*

Plaintiff and defendant owned adjoining lots, and in building on his lot the defendant used a brick wall on the plaintiff's lot, resting his joists and beams upon it, under a parol agreement, whereby he promised to pay for the privilege a certain sum. Defendant used the wall until it was destroyed by fire, but claims that no compensation can be recovered for its use, because the agreement is within the statute of frauds. *Held:* That the defendant having enjoyed the use of the wall as long as it stood, the contract has been taken out of the statute by its complete performance, and that the plaintiff is entitled to recover the full amount orally promised by the defendant.

APPEAL from *Jackson* Circuit Court.

R. H. POWELL, Judge.

*W. R. Coody* for appellant.

1. No action for use or occupation could be had at common law, and our statute gives such a right only to landlords. *Mansf. Dig.,* secs. *4167, 4169.* The relation of landlord and tenant must exist. *7 Ark., 306–7; 10 id., 602; 13 John., 489; 6 Johns., 49; 1 Mans., 134; 25 Ark., 168; id., 134; 2 Add. Cont., sec. 707, note 1.*

2. The contract, being by parol, was void being within the statute of frauds. *Mansf. Dig., sec. 3371.*

The appellee *pro se.*

In most of the States this sort of a contract is regarded as mere license and need not be in writing. *18 Cent. Law Jour., 122; Taylor Land. & Ten., sec. 189, note 4.*

SMITH, J. Mrs. Shackelford had recovered judgment against Walker before a justice of the peace, for the use and occupation of her brick wall. The cause having been

removed, by appeal, to the Circuit Court, she again prevailed after two successive trials, and judgment was entered in her favor for $199.20.

The parties had been proprietors of adjoining lots, and the plaintiff had erected a brick building upon her lot. When the defendant came to build, he proposed to use her south wall as his north wall, thereby saving the expense of one entire wall. This wall stood upon the plaintiff's land, except that at one end it projected slightly over upon the defendant's lot, and it had been constructed at her own expense. For the privilege of resting his joists and beams upon this wall, the parties entered into a parol agreement, whereby the defendant, according to the plaintiff's testimony, was to pay Mrs. Shackelford $250 upon the completion of his house. According to defendant's version, he was to pay her $225 for a half interest in the wall, when she perfected her title to her lot, by clearing it of a certain cloud or supposed defect. This was in the summer or early fall of 1883. Walker enjoyed the benefit of his contract until November 17, 1884, when the premises were destroyed by fire; but he has paid nothing. Shortly after the date mentioned, the plaintiff sold and conveyed her lot to one Heller; and the defendant is now the owner of it.

The following direction was given to the jury at the instance of the plaintiff:·

" While no reovery can be had on a contract for an interest in land, not in writing; still, if the defendant took possession and used and occupied the same under the contract, he would be liable for trespass, and the plaintiff might waive the tort and sue for use and occupation. And if the jury find that defendant took possession of, and used the wall in controversy, they may find for plaintiff the value of such use and occupation as shown by proof."

The following prayers for the defendant were denied:

" 1. The plaintiff claims $250 for building, use and occu-

pation of a partition wall, built by her for the use of herself and defendant, and if the jury find that the plaintiff and defendant by oral agreement built a partition wall upon the lands of each adjoining, for the use of each, this is an easement of each in the lands of the other, and within the statute of frauds, and the plaintiff cannot recover on such contract, and you will find for the defendant.

"2. If you find there was a contract by which the defendant was to pay for the use of a partition wall built by plaintiff on her land, for the support of his joists, and defendant did use the wall for that purpose, they will find for the plaintiff, the amount such use was worth for the time occupied, as shown by the proof.

"3. If the jury find there was a defect in the title of the plaintiff to the lot in question, and it was agreed by the parties that the defendant was not to pay for the use of the wall, until title perfected, they will find for the defendant."

In *McLarney v. Pettigrew, 3 E. D. Smith, 111*, the Common Pleas of New York decided that permission to insert beams in a house is nothing more than a license and hence a promise to pay for such permission need not be in writing. But this is contrary to the weight of authority, both English and American; according to which a right to a permanent occupation of another's land cannot be acquired by a parol agreement. Such a right is an easement, which can only be created by a writing, or by prescription, which presupposes a grant. It does not mend the case to call it a license, for it still amounts to an interest in land. *Cocker v. Cowper, 1 Cr. M. & Ros., 418; Hewlins v. Shippam, 5 B. & C., 221 (11 E. C. L. R., 437); Bryan v. Whistler, 8 id., 288 (15 E. C. L. R., 147); Wood v. Leadbitter, 13 M. & W., 837; Wyson v. Garland, 19 Ark., 23; Cook v. Stearns, 11 Mass., 533; 2 Am. Lead. Cas., 5th ed., 575, and cases there collected; 54 Am. Dec., 167; cases cited in notes to Hazelton v. Putnam.*

Walker v. Shackelford.

The action for use and occupation lies only by a landlord against his tenant. *Mansf. Dig., secs. 4167, 4169; Byrd v. Chase, 10 Ark., 602.* The court below treated the transaction as a lease by Mrs. Shackelford of so much of her wall as was necessary for the defendant's purpose during the life of the wall. This being an uncertain interest in land, created by parol and not put in writing, our statute seizes upon it and converts it into a tenancy from year to year. *Mansf. Dig., sec. 3380.*

1. USE AND OC-
   CUPATION :
   Action for.

Viewed in this light, no recovery can be had upon the express contract because that is within the statute of frauds. But the tenant is still liable for the time of his occupancy, and the terms of the parol demise may be shown as evidence of the amount of damages to be recovered. *Mansf. Dig., sec. 4168.*

The testimony of persons acquainted with the surroundings tended to prove that the use of the wall, for the period it was enjoyed by Walker, was worth as much as the jury assessed.

On the other hand, regarding Walker as the purchaser of an interest in land, it is claimed that, the contract being void, no damages can be given for its breach. But here comes in the doctrine of performance—not partial performance, which probably has not the effect to take a case out of the operation of the statute—but complete performance. What was it that Walker bargained for? The use of the wall for the support of his timbers, as long as the wall should stand. This right he has enjoyed as fully as if Mrs. Shackelford had executed to him a formal conveyance. Having accepted the benefit of an act done at his request, he cannot refuse to make compensation on the ground that the contract was invalidated by the statute. *Smith's Lead. Cases, 8th Am. ed., vol. 1, pt. 1, 625, notes to the case of Peter v. Compton; Bishop on Contracts, enlarged ed., sec. 1235; Browne on the Statute of Frauds, 4th ed., sec. 117.*

2. STATUTE OF
   FRAUDS :
   Performance
   of contract.

Upon this theory the plaintiff was entitled to recover the full amount of the consideration which Walker had orally promised.

---

In any aspect of the case, substantial justice has been done and the judgment is affirmed.