## RUDISILL *v.* CROSS.

Decided May 23, 1891.

*Statute of frauds—Partition fence.*

> An agreement for the conveyance of an undivided interest in a partition fence must be in writing.

APPEAL from *Clark* Circuit Court.

RUFUS D. HEARN, Judge.

*J. H. Crawford* for appellant.

There was no consideration for the so-called second contract. Rap. & Law. Law Dic., "Consideration." Appellee was liable, under sec. 3654, Mansf. Dig., without any contract.

*Murry & Kinsworthy* for appellee.

1. When the fence was built, appellee became the owner of one-half of it, which he sold to appellant for what he owed appellant for building it. This was a good and valuable consideration. Mansf. Dig., sec. 1673; 31 Ark., 631; 27 *id.*, 407; 33 *id.*, 97.

2. Sec. 3654, Mansf. Dig., only means that a party joining shall pay half the expense of keeping up the joint fence. Endl. Int. St., sec. 127.

HUGHES, J.   The appellant sued the appellee in the court of a justice of the peace for half the cost of a partition

fence, and recovered judgment for $18.47, from which appellee prosecuted an appeal to the circuit court, where judgment was rendered in his favor, from which the appellant prosecutes this appeal.

The parties agreed to build a partition picket fence between their town lots. Appellant built the entire fence, and appellee refused to pay for half the entire fence, contending that he was to pay for half of that part only of the fence used by him. Appellee had joined his fence to the partition fence. Appellant afterwards proposed to appellee that if he would not pay half the cost of the fence, and would cut loose from it, and not use it at all, and build a fence of his own, he (appellant) would keep the fence built by him as his own; and in that event the appellee need not pay anything for it. Appellee continued to use the partition fence and did not take his fence loose from it, paid nothing towards the cost nor for the use of the partition fence. He says in his testimony that at first he did not accept the proposition of appellant, but that he did afterwards agree to it, and told appellee that he could keep all the fence.

The court instructed the jury that " if the jury find from the evidence that there was a second contract and that Cross released his interest in the fence to Rudisill, this is a sufficient consideration to bind the second contract; and they will find for the defendant."

Agreement to convey interest in partition fence is within statute of frauds. " The obligation of a landowner to build and maintain a division fence, in whole or in part, for the benefit of adjoining land, is something more, indeed, than an obligation to furnish the materials and labor necessary from time to time for the erection and reparation of the fence; it imposes a burden upon the land itself. A partition fence ordinarily must rest equally upon the land of the respective proprietors. Hence, an agreement of one of those proprietors to maintain such a fence necessarily imparts a dedication of the use of the land required to support half of it. To that extent it is therefore an estate in the land itself. In accordance, then, with the general rule that an easement, being an

interest in realty, cannot be conveyed or reserved by parol, an agreement by an owner of land to maintain a partition fence between such land and that of an adjoining proprietor, can not ordinarily rest in parol, but, to be binding, must be in writing." 7 Am. & Eng. Enc. of Law, 897, note 2, and authorities cited. "An agreement for a division of the line fence, by adjoining owners, in order to be binding on them and their privies, must be in writing." *Knox* v. *Tucker*, 48 Me., 373; *Kellogg* v. *Robinson*, 27 Am. Dec., 550.

We are of the opinion that the partition fence in this case was real estate, and that, under the agreement between the parties and the evidence in the case, one-half of it belonged to appellee, and that he was indebted to the appellant for one-half the cost of erecting the same ; that appellee did not convey his interest in any way ; that the contract to release his interest in it to the appellant was a parol contract; that appellee under the contract (referred to as the second contract) did not place the appellant in possession of his interest in the partition.fence, because he continued to use it, and did not detach his fence from it.

There was therefore no part performance of the parol agreement by appellee to release his interest in the. fence that, in a court of equity, would have taken it out of the statute of frauds. If there was a contract resting in parol for the release of the appellee's interest in the fence to appellant, it might have been taken out of the statute of frauds by part performance by appellee by placing appellant in possession of his part of the fence under the contract, and this would have been a good equitable defense which appellee could have made in this action at law. Sub-div. "fourth," sec. 5033, Mansf. Dig.; *Trulock* v. *Taylor*, 26 Ark., 54.

The "second contract" was therefore void under the statute of frauds, being a contract for the release of an interest in real estate not in writing. It formed no consideration for an agreement by appellant to release appellee from his obligation to pay one-half the cost of the entire par-

tition fence, erected by the appellant under an agreement between them that each would make half of the same.

The action was based upon the contract between the parties to build a partition fence, and not upon the statute (Section 3654, Mansfield's Digest).

As this disposes of the real issue in the case, it is unnecessary to discuss other instructions given and refused by the circuit court.

The judgment is reversed, and the cause remanded for a new trial.