## KUHN v. POOLE.

No. 566.     Opinion Filed November 16, 1910.

1.     **STATUTE OF FRAUDS—Agreement for Erection of Party Wall.** An executory parol agreement for the erection of a party wall falls within that portion of section 3371 of Mansf. Dig. Statutes of Arkansas, in force in the Indian Territory prior to the admission of the state, which requires that any contract for the sale of lands or any interest in or concerning them shall be in writing, and is void. ,

2.     **SAME—Executed Contract—Acceptance of Benefits.** But where an oral agreement is made between two owners, P and K, of adjoining lots that P shall erect a party wall and staircase on the line between their lots and pay therefor, and that K shall, upon using the wall pay one-half of the cost thereof. if the wall is built before any revocation and K thereafter accepts the benefit of the contract and uses the wall, the contract is

taken out of the statute, and an action thereon may be main-. tained.

3.    **WITNESSES—Impeachment—Previous Statements.**    Before a witness can be impeached by proof of contradictory statements made by him outside of the court room, his attention must first be called to the time. place, and person involved in the supposed contradictory conversation in a manner sufficiently definite that there is a reasonable certainty that the recollection of the witness will be refreshed and his attention directed to the alleged conversation.

4.    **SAME—Statements in Writing—Parol Evidence.**    If the contradictory statement consists of a written statement, made by the witness, the writing is the best evidence of the contents of the statement; and, in the absence of a showing that the written instrument is lost or destroyed or that the person seeking to prove the contents of the same is unable to produce it in court, parol evidence as to the contents thereof is not admissible.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by C. W. Poole against W. J. Kuhn. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. H. Kornegay,* for plaintiff in error.
*Seymour Riddle,* for defendant in error.

HAYES, J.    This action was brought by defendant in error, plaintiff below, in the United States Court for the Northern District of the Indian Territory before the admission of the state to recover one-half the cost of the construction of a party wall. He alleges in his complaint filed in the court below that he is the owner of two certain lots in the town of Chelsea in this state; that defendant is the owner of the lot adjoining his two said lots on the east; that during the year 1899 plaintiff entered into a contract with a firm of contractors to erect on his lots a two-story rock store building; that while said contractors were constructing said building, a parol contract was made between plaintiff and defendant, whereby it was agreed that defendant should pay to the plaintiff the cost of that portion of the wall next to plaintiff in error's lot which had already been erected and the

cost of tearing it down; and that plaintiff should rebuild said wall on the line between the lots of plaintiff and defendant; half of the wall to rest upon the lot of each party; and also a party staircase and side-walk; that plaintiff should pay for same; and that defendant would pay to plaintiff half the cost thereof. Plaintiff alleges that he has fully executed the contract; that defendant has paid a portion of the cost thereof, but refuses to pay the remainder, for which he asks judgment. Defendant, by his answer, denies that he agreed to pay plaintiff anything whatever on account of the work done upon the building before the agreement was made for the construction of the party wall; and alleges the facts to be that one Hutton constructed the party wall up to the second story; and that for said work defendant was to pay one-half to the said Hutton, and that he had paid to Hutton one-half of the cost of the erection of said wall to the second story; that after the first story of the said wall was constructed, Hutton left the country and the completion of the wall was taken charge of by plaintiff; that defendant agreed to pay plaintiff half the cost of the erection of the wall above the first story; and that he has paid same.

The evidence of plaintiff supports all the allegations of his petition, while the evidence of defendant tends to support the allegations of his answer; but the general verdict of the jury found all the issues in favor of plaintiff; and, under the state of the evidence, the verdict is conclusive upon us upon all controverted questions of fact. Defendant demurred to plaintiff's complaint and also to his evidence, upon the ground that since the contract sued upon is not in writing and attempts to convey an interest in real estate, it is violative of the statute of frauds and void. Section 3371 (Mansf. Dig. Statutes of Arkansas), in force in the Indian Territory at the time the alleged contract was made, provides: "No action shall be brought: * * * Fourth. To charge any person upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them" unless the agree-

ment, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized.

Plaintiff in error cites and relies upon *Walker v. Shackleford,* 49 Ark. 503; *Rudisill v. Cross,* 54 Ark. 519, 16 S. W. 575; and *Plunkett v. Meredith,* 72 Ark. 3, 77 S. W. 600, to support his contention. These cases support the rule that oral agreements to erect a party road are void, but they do not hold that where one of the parties has executed the contract before a revocation thereof and the other has accepted the benefits therefrom, the party who has performed the contract cannot recover thereon. In 22 Am. & Eng. Encyc. of Law, p. 240, it is said:

"An executory parol agreement for the erection of a party wall is void as being within the statute of frauds requiring all agreements relating to any interest in land to be in writing. But when under such a contract the wall has been erected, the contract is no longer within the statute as between the parties who have already received its benefits, and one of them having promised to contribute to the cost of its erection, and having used the wall, is bound to contribute."

The cases from Arkansas cited do not go further than the general rule just stated. In *Walker v. Shackelford, supra,* there was a parol agreement whereby the defendant was to use a brick wall on plaintiff's lot in erecting a building upon his own lot, and was to pay therefor a fixed sum to be paid on the completion of defendant's building. Defendant used the wall in the construction of his building and continued to use it until it was destroyed by fire, but refused to pay therefor. The court in the opinion discusses the case both upon the theory of an action for use and occupation and of an action for damages for breach of contract to convey an interest in land; and upon the latter theory, it is said:

"On the other hand, regarding Walker as the purchaser of an interest in land, it is claimed that, the contract being void, no damages can be given for its breach. But here comes in the doctrine

of performance—not partial performance, which probably has not the effect to take a case out of the operation of the statute—but complete performance. What was it that Walker bargained for? The use of the wall for the support of his timbers, so long as the wall should stand. This right he has enjoyed as fully as if Mrs. Shackelford had executed to him a formal conveyance. Having accepted the benefit of an act done at his request, he cannot refuse to make compensation on the ground that the contract was invalidated by the statute."

In the *Rudisill v. Cross* case, a party fence had been constructed under an agreement that each party should pay half the cost thereof. After the construction of the fence, a parol agreement was made, whereby it was agreed that defendant should be released from any liability for his one-half of the cost of the party fence on condition that he would detach his own fence therefrom and build another. Defendant, however, refused to detach his fence, but upon suit of plaintiff to recover half of the cost of the partition fence, he pleaded the oral agreement in defense thereof. The court held that the partition fence was real estate, half of which belonged to each party, for which defendant owed plaintiff half the cost of its construction; that the parol agreement of defendant to release his interest in the fence to plaintiff and to build a separate fence was an attempt to convey an interest in real estate in payment of that obligation; and not having been executed was void. And, because defendant did not detach his fence and continued to use the partition fence in violation of the parol agreement, the court said:

"There was therefore no part performance of the parol agreement by appellee to release his interest in the fence that, in a court of equity, would have taken it out of the statute of frauds. If there was a contract resting in parol for the release of the appellee's interest in the fence to appellant, it might have been taken out of the statute of frauds by part performance by appellee, by placing appellant in possession of his part of the fence under the contract, and this would have been a good equitable defense which appellee could have made in this action at law."

Plaintiff, in the instant case, agreed to build a party wall

and stair-case and to pay therefor, upon the agreement of defendant that he would pay to plaintiff one-half the cost expended by him. Plaintiff executed the contract; defendant has at no time tried to revoke the contract, but has joined his building to the party wall and is using same. Had plaintiff in error refused to carry out this contract, it could not have been enforced; for, as a parol executory agreement, it falls within the statute of frauds; but defendant cannot receive and accept the benefits of the contract fully performed by plaintiff and escape payment therefor. *Stuht v. Sweesy,* 48 Neb. 767; *Rice et al. v. Roberts,* 24 Wis. 461.

It is also contended that the contract falls within the statute of frauds because it attempts to charge defendant upon a promise to answer for the debt, default or miscarriage of another, but this contention is not supported by the allegations of the complaint or by the evidence. Plaintiff seeks to recover solely upon a contract which he alleges was made between him and defendant, whereby plaintiff was to construct the wall and pay therefor, and was to be re-imbursed by defendant for one-half the cost thereof. Such is the contract he sought to prove by his evidence; and the court, in effect, instructed the jury that unless they found that such contract was made and had been performed by plaintiff, he was not entitled to recover. This contention did not involve any promise of defendant to answer for the debt of another.

By the next assignment of error urged, complaint is made of the refusal of the court to give a requested instruction by which the jury was instructed that before plaintiff could recover he must prove by a preponderance of the evidence that the wall was erected by plaintiff at the request of defendant; and that defendant agreed to pay for his half of same. No prejudicial error was thereby committed, for this instruction is embraced in instruction No. 2, given by the court. Defendant requested the court to instruct the jury that they could not allow on any of the items sued on more than was asked for in the complaint, which was re-

fused; but no prejudicial error was committed thereby, for plaintiff at no time attempted to·recover for an amount in excess of that asked for in his complaint.

By the eleventh assignment, complaint is made of the refusal of a requested instruction which is as follows:

"In order for plaintiff to recover in this case, he must prove by a preponderance of the evidence that he actually paid for the portion of the wall sued for belonging to defendant, and he must also prove that by so doing he rendered defendant no longer liable to pay the parties doing the work."

It was not error to refuse this instruction upon two reasons:· First, it does not state the law applicable to the issues in the case; and, second, in so far as it does state the law, it was covered by another instruction given by the court. The burden is not upon defendant in error to prove that by his paying for the construction of the wall he rendered defendant not liable to pay therefor. If plaintiff in error, without the knowledge and consent of defendant in error entered into a contract with any one else, or did other acts that rendered him liable to pay any one else for any portion of the wall, such fact did not release him from his liability to defendant in error, if defendant in· error had the wall constructed and paid therefor. By instruction No. 7, given by the court, the jury was told that if they found from a preponderance of the evidence that plaintiff and defendant entered into a verbal agreement to construct the wall, or any part thereof, as alleged in the complaint, and plaintiff in error agreed to pay one-half of the construction price of the wall, and plaintiff had paid the cost thereof, he was entitled to recover from the defendant one-half the ·cost of the construction of the wall, less the amount that had already·been paid to plaintiff by defendant. This instruction, in connection with other instructions given, correctly stated the law attempted to be submitted to the jury by the requested instructions refused. Other objections are made to the refusal of the court to give requested instructions and to the giving of other instructions, but upon a careful examination of all

the objections, we find that the instructions given by the court, taken as a whole, correctly state the law applicable to the pleadings and evidence in the case, and that no prejudicial error was committed either in the giving or refusal of instructions.

By one of the assignments of error, complaint is made of the admission of certain testimony.

Isaac Hutton, one of the contractors who constructed the first story of the party wall, testified on behalf of defendant. His testimony tends to establish defendant's contention that the agreement between plaintiff and defendant and the contractors was that the party wall should be built and the defendant should pay direct to the contractors his share of the cost of building same; and that he had paid them. For the purpose of impeaching this witness and destroying the effect of his testimony, plaintiff asked him if he did not, after he came back from Kansas, have his partner, D. B. Sutton, make out a statement against plaintiff for the work of constructing the party wall in which the witness claimed pay from plaintiff for all construction of the wall performed by the witness. The witness answered this question in the negative. He was also asked if at the time the statement was made, the witness did not claim that defendant in error had never paid him anything for the construction of the wall, to which the witness answered he did not think that defendant was mentioned. D. B. Sutton was called by plaintiff and, over the objection of defendant, was permitted to testify that he made out a written account against plaintiff for the witness Hutton in which Hutton claimed pay for all the construction done by him on the wall, and not for half of it. He was also permitted to testify that Hutton at that time made no claim that defendant ever paid him for any part of the wall. In the admission of this testimony, the court committed error: First, because no proper foundation was laid for the admission of oral statements made by the witness Hutton contrary to those testified to by him; and, second, because the written statement was the best evidence of its

contents.   The general rule prevailing in this country and recognized by practically all the state courts, is that, before impeaching testimony of the character here complained of can be offered, the attention of the witness who is sought to be impeached must first be called to the time, place and person involved in the supposed contradiction.   1 Greenleaf on Ev. (13th Ed.) sec. 462. The reference to the time of the contradictory statement made in the preliminary questions to Hutton was very indefinite; but, if the questions in that respect are sufficient, no reference whatever was made to the place of such statements; and the witness's memory in this respect was not refreshed, in order that he might recall the conversation and whether such claim or statement was made by him.   The witness Sutton testified that the statement prepared by him for Hutton was in writing.   The contents of this written statement could not be proved by parol evidence, without first establishing the loss, destruction of the instrument, or the inability of plaintiff to produce it.   It cannot be said that the erroneous admission of this testimony was not prejudicial error, for the witness Hutton was an important witness to defendant in establishing his defense that his contract to pay for half of the wall was with the contractors and not with plaintiff, and that defendant had performed his contract.   The incompetent evidence introduced had the tendency, if not to impeach the integrity of this witness, at least to establish that his memory was inaccurate, and that his testimony was therefore not reliable.

For this error, the judgment of the trial court must be reversed and the cause remanded.

All the Justices concur.