### ALLISON *v.* SCHWEITZER.

Opinion delivered May 17, 1920.

1. EASEMENT—CONSIDERATION.—Where plaintiff agreed that defendant might build two inches over the dividing line so as to touch plaintiff's wall, the parties agreeing that in this way dampness between the two walls would be obviated, the agreement was supported by consideration.

2. APPEAL AND ERROR—DEFENSE NOT PLEADED BELOW.—The defense of the statute of frauds can not be raised on appeal when not pleaded below.

3. FRAUDS, STATUTE OF—GRANT OF EASEMENT.—Though a grant of an easement is embraced within the operation of the statute of frauds, and must therefore be in writing, a parol grant, when executed as by building a wall, will be upheld and sustained under the same circumstances and on the same principle that a parol contract for the sale of land would be.

Appeal from Boone Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

*E. G. Mitchell,* for appellant.

The agreement was without consideration and, being *in parol* only, is within our statute of frauds and void. Kirby's Digest, § 3892, subd. 4 and 5; 54 Ark. 519.

*Shouse & Rowland,* for appellee.

Appellant (1) has failed to establish title in herself; (2) she did not aptly plead the statute of frauds and (3) she is bound by the equitable estoppel and the decree should be affirmed. She did not come into equity with clean hands. The finding of the chancellor is fully sustained by the evidence, and appellant is estopped.

SMITH, J. This is a suit in ejectment for two inches of ground and by consent was transferred to the chancery court, where upon the final submission the court made the following findings of fact:

"That prior to the erection of the defendant's wall complained of, the plaintiff gave oral permission to the defendant to build his said wall upon the west two inches of her lot described as subdivisions 1 and 2 of lot 2, block 7, in the original town of Harrison, Arkansas; that the plaintiff at the time knew that the defendant contemplated expending large sums of money in the erection of his said building; that the defendant did erect said building, expending therefor large sums of money and that the plaintiff witnessed the building of the same and knew at the time that defendant was spending large sums of money therefor, relying on oral permission of plaintiff for him to do so, and that the plaintiff permitted defendant to so erect said building and expend said money on the same without protest or complaint; and that it would now be inequitable for plaintiff to be permitted to compel defendant to remove said wall; and that said wall could not be removed from said two inches of ground without great and irreparable injury to defendant's building, and without the expenditure by defendant of large sums of money. And the court further finds that the plaintiff is now estopped from complaining of defendant's acts in the erection of said building upon said two inches of ground."

The facts recited in this finding are practically undisputed; but appellant, who was plaintiff below, insists that the agreement was without consideration and therefore void; and, further, that the easement claimed was within the statute of frauds and could have been created only by a grant in writing.

Upon the question of consideration, it may be said that the testimony shows that before appellee built his wall he discussed with appellant the question of its location, and they agreed that each wall would support the

other by putting them together, and that in this way snow and ice would not accumulate between the walls, and there would less dampness by putting them together than there would be by leaving the two-inch space between.

Upon the question of the application of the statute of frauds, it may be said that the statute was not pleaded in the court below and cannot now be pleaded here for the first time. *St. L., I. M. & S. Ry. Co.* v. *Hall,* 71 Ark. 302; *Ark. Lbr., etc., Co.* v. *Benson,* 92 Ark. 392; *Dierks Lbr. Co.* v. *Coffman,* 96 Ark. 510; *El Dorado Ice & Planing Mill Co.* v. *Kinard,* 96 Ark. 189; *S. H. Kress Co.* v. *Moscowitz,* 105 Ark. 638.

Upon the merit of the case, it may be said that the question presented is not that of the enforceability of an executory parol contract for an easement. Appellee is in possession of the land in dispute, and the question is, "Can appellant be heard to say that no easement exists?" In 9 R. C. L., at page 746, it is said: "It is recognized, however, that, though a grant of an easement is embraced within the operation of the statute (of frauds), and must, therefore, be in writing, yet a parol grant executed will be upheld and sustained under the same circumstances and on the same principle that a parol contract for the sale of land would be." Among the numerous cases cited in the note to the text quoted are our own cases of *Wynn* v. *Garland,* 19 Ark. 23, and *Walker* v. *Shackelford,* 49 Ark. 503. See, also, *Salyers* v. *Legate,* 93 Ark. 608; *Rudisill* v. *Cross,* 54 Ark. 519.

The testimony fully warrants the finding of the court below, and the decree is, therefore, affirmed.