## GEORGE B. MUMPER V. D. B. KELLEY.

1. CONTRACT — *Benefit for Third Person.* Whenever two persons make a contract for the benefit of a third, the third may maintain an action thereon for any breach thereof to his injury.

2. DESCRIPTION, *Partly True, Partly False — Enforcement of Contract.* Where a description in an instrument in writing is partially true and partially false, but where it can be clearly made to appear, either from the face of the instrument itself or from extrinsic facts, which portion of the description is true and which portion is false, the false portion of the description will not necessarily render the instrument void, nor will it necessarily require that the instrument should be reformed before it can be enforced. Generally such an instrument will be held to be valid, and will be enforced without any reformation.

3. CONTRACT — *Reformation — Enforcement — Parties Defendant.* Where a petition sets forth and shows that the defendant and another person not a party to the action executed a written contract for the benefit of the plaintiff, and it also appears from the petition that there was a partially true and partially false description in the contract, but the portion of the description that is true is sufficient if taken alone to uphold the contract, and the petition states, and it can also easily be shown by extrinsic facts, which is the true and which is the false portion of the description, *held,* that the petition does not because of its allegations concerning the partially false description disclose a contract that is void, or that needs reformation before it can be enforced, nor does it disclose a defect of parties defendant in the action.

### Error from Edwards District Court.

On January 18, 1887, *George B. Mumper* filed a petition in the district court of Edwards county against *D. B. Kelley* and H. V. Phelps. Kelley answered thereto. Whether service of summons was ever made upon Phelps or not, or whether he ever made any appearance in the case or not, is not shown, but all the subsequent proceedings seem to have been carried on wholly and entirely between Mumper and Kelley. On October 27, 1887, the plaintiff, with leave of the court, filed an amended petition, mentioning Kelley only

as a defendant, which petition, omitting title and signatures, reads as follows:

"Plaintiff states that on or about August, 1885, he was a partner in the firm composed of plaintiff, H. V. Phelps and O. P. Smith, which firm was engaged in the livery and stock business; that plaintiff at that time sold on verbal contract his interest in said business to H. V. Phelps for the sum of $1,300, which the said Phelps verbally agreed to pay within two weeks; that Phelps did pay plaintiff the sum of $200, leaving a balance due plaintiff of $1,100; that on or about September, 1885, Phelps sold his interest in said livery business to the defendant Kelley, for a valuable consideration, and as a part of the consideration the defendant Kelley assumed and agreed to pay this indebtedness of Phelps to plaintiff, amounting at that time to $1,100; that as evidence of said agreement, and others, Phelps and Kelley made and signed a certain writing, a copy of which is hereto attached, marked 'A,' and made a part of this petition; that it was well known and understood by and between the said Phelps and the said Kelley what obligations the defendant assumed and agreed to pay, and each of them understood the writing referred to to express this agreement, that the words in said contract, beginning on the nineteenth line of the same, 'It is also agreed that the said Kelley shall assume and agrees to settle with G. B. Mumper for whatever claim he may have against said Phelps on account of his previous interest in the firm of Smith & Mumper,' is referred to and was understood by both as referring to the obligation of Kelley to Mumper, as hereinabove set forth. The other words following were intended only as descriptive matter, and were a mistake, i. e., 'which claim now appears on the books of O. P. Smith & Co.'

"The defendant since the execution of said contract has paid plaintiff $700, and there is now due plaintiff from defendant the sum of $400, with interest from October, 1885, at 7 per cent. Plaintiff asks that the contract 'Ex. A' be reformed by striking out the words 'which claim now appears on the books of O. P. Smith & Co.,' and that he have judgment against defendant for $400 and interest as above stated."

The agreement mentioned in the petition as "marked A" and "Ex. A," reads as follows:

"This agreement, made this 12th day of September, 1885, between H. V. Phelps, of Kinsley, Kansas, and D. B. Kel-

17—43 KAS.

ley of the second part, witnesseth, that the party of the second part has this day bought of H. V. Phelps and P. C. Aston their interest in the property of O. P. Smith & Co., this day conveyed to said Kelley by bill of sale of even date herewith. It is a condition of this transfer, which it is the purpose of this contract to indicate, that the purchaser assumes the obligation of said Phelps heretofore given to T. S. Johns, and agrees to pay the same. It is also agreed that said Kelley shall assume and agrees to settle with G. B. Mumper for whatever claim he may have against said Phelps by reason of his previous interest in the firm of Smith & Mumper, which claim now appears on the books of O. P. Smith & Co.

"Witness our hands, this 12th day of September, 1885.

D. B. KELLEY.

H. V. PHELPS."

The defendant demurred to the foregoing petition upon the following grounds, to wit:

"1. That there is a defect of parties defendant in this, that it appears from said petition that said H. V. Phelps, mentioned therein, is a proper and necessary party to this action, and a complete determination of the questions involved cannot be made without the presence of said Phelps.

"2. That said petition does not state facts sufficient to constitute a cause of action."

This demurrer was sustained by the court below, and the plaintiff's action dismissed and judgment rendered in favor of the defendant and against the plaintiff for costs; and the plaintiff, as plaintiff in error, brings the case to this court for review.

*W. H. Robb*, for plaintiff in error.

*W. H. French*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: That the plaintiff's petition states a cause of action in favor of the plaintiff and against the defendant, we think can scarcely be questioned; for in this state it is well

settled and established that whenever two persons make a contract for the benefit of a third, the third may maintain an action thereon for any breach thereof to his injury. (*Manufacturing Co. v. Burrows,* 40 Kas. 361–363, and cases there cited.) Such a contract and such a breach are alleged in the plaintiff's present petition. But the more difficult question presented is, whether there is a defect of parties defendant or not. Now if it were necessary that the contract upon which the plaintiff has founded his action should be reformed in order to give him a cause of action thereon, then it would seem necessary that each of the parties making the contract should be made a party to the action. But is it necessary that the contract should be reformed? Is there not enough in the contract aside from the untrue portion of the description of the claim of Mumper against Phelps, upon which Mumper may maintain his present action against Phelps without any reformation of the instrument? May not that portion of the instrument which is untrue be treated merely as surplusage? Instruments in writing are often treated in that manner, both in actions at law and in suits in equity. Where a description in an instrument in writing is partially true and partially false, but where it can be clearly made to appear, either from the face of the instrument itself or from extrinsic facts, which portion of the description is true and which portion is false, the false portion of the description will not necessarily render the instrument void, nor will it necessarily require that the instrument should be reformed before it can be enforced. Generally, such an instrument will be held to be valid and will be enforced without any reformation. (*Am. Cent. Ins. Co. v. McLanathan,* 11 Kas. 533, 547; *King v. Aultman & Co.,* 24 id. 246.) In the first case it was held, among other things, as follows:

*1. Contract—benefit for third person.*

*2. Description, partly true, partly false—enforcement of contract.*

"Where in the description of real estate there are found repugnant calls, the instrument is not void for uncertainty, nor is there any need of reforming it, provided it clearly ap-

pears, either from the face of the instrument or extrinsic facts, which is the true and which the false description."

In the second case it was held, that where the description of a mare in a chattel mortgage was partly true and partly false, the untrue portion of the description would not render the mortgage invalid; and the mortgage was held valid and enforceable without any reformation. The contract in the present case contains the following provision: "It is also agreed that said Kelley shall assume and agrees to settle with G. B. Mumper for whatever claim he may have against said Phelps by reason of his previous interest in the firm of Smith & Mumper, which claim now appears on the books of O. P. Smith & Co." Now it appears from the allegations of the petition that Mumper did have a claim, and only one claim, against Phelps, by reason of his, Mumper's, previous interest in the firm of Smith & Mumper, and this claim was originally for precisely $1,300; but Phelps paid $200 thereof before the present contract was executed, thereby reducing the amount of the claim down to $1,100, and Kelley, after the contract was executed, recognized his obligation under the contract to pay this claim, and paid $700 thereof, leaving only $400 of the claim still due and unpaid. The only difficulty in the way is, that the claim never appeared upon the books of O. P. Smith & Co. Does this render the claim uncollectible, or prevent its collection until there shall be a reformation of the contract? Under the pleadings there is no dispute concerning the correctness of the claim from the time of its inception to the present time. At the time the contract was made it was just $1,100. It is now precisely $400, and Kelley in his contract with Phelps agreed to pay it all, and the only defense which he now sets up is that there was a partially false description of the claim in the contract, and that he is not bound to pay it unless Phelps is made a party defendant in the action, and the description reformed. We do not think that

3. Not necessary to reform contract.

it is necessary to reform the description. Suppose a purchaser of real estate should agree with his vendor to assume the payment of a mortgage debt already

existing against the property, and suppose that although the mortgage was sufficiently described, still that it was also stated that the mortgage was recorded in book "B" in the register's office, while in fact it was not recorded in that book, but was recorded in book "C:" could the purchaser refuse to pay the mortgage debt, or refuse to pay it until after the contract should be reformed? If Mumper, instead of having only one claim against Phelps, had several claims against him, then it might be a material question as to whether the particular claim sued on was the one intended to be paid by Kelley, and it might then be possible that Phelps would be a necessary party in the case. But such is not the present case. Under the facts of the present case as they are alleged in the petition, it is wholly immaterial whether the claim sued on had ever been entered on the books of O. P. Smith & Co. or not. And we must take the facts as they are alleged in the petition, to be true. If, however, they are not true, then it devolves upon the defendant to answer, denying them. And the defendant might also in his answer set up a state of facts very different from those stated in the plaintiff's petition, and facts that would require that Phelps should be made a party defendant; but the petition itself does not disclose any such state of facts. We think the demurrer to the plaintiff's petition should have been overruled.

The judgment of the court below will therefore be reversed, and the cause remanded for further proceedings.

All the Justices concurring.