# EASTMAN LAND & INVESTMENT CO. v. LONG-BELL LUMBER CO.

No. 1159. Opinion Filed November 14, 1911.

Rehearing Denied December 12, 1911.

(120 Pac. 276.)

1. **CONTRACTS—Enforcement by Third Person—Consideration.** A promise made expressly for the benefit of a third person may be enforced by him, provided it is based upon consideration.

2. **SAME—Promises in Favor of Third Party—Consideration.** A promise made by an owner to a contractor to pay a sum, which the owner owes to the contractor, to a materialman who has furnished lumber to the contractor, cannot be enforced by the materialman, unless this promise is based upon some present consideration.

3. **SAME—Consideration.** "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer as an inducement to the promisor, is a good consideration for a promise." (Comp. Laws 1909, sec. 1075.)

4. **MECHANICS' LIENS—Notice—Necessity of Writing.** Under sec. 4403 of Mansf. Dig. (Ind. Ter. Ann. St. 1899, sec. 2870), requiring notice of a lien for material to be given the owner at or before the time of furnishing material, it was unnecessary for the notice to be in writing.

5. **APPEAL AND ERROR—Harmless Error—Reception of Evidence.** A cause will not be reversed for error committed by the trial court in permitting secondary evidence of the contents of a written instrument, when it was not necessary in any event to prove such contents.

(Syllabus by Ames, C.)

*Error from District Court, Ottawa County; T. L. Brown, Judge.*

Action by the Long-Bell Lumber Company against the Eastman Land & Investment Company and J. G. Marcum. Judgment for plaintiff, and defendant Eastman Land & Investment Company brings error. Reversed and remanded.

*F. D. Fulkerson,* for plaintiff in error.

*Basil P. Finley, Wm. R. Cowley,* and *J. Walter Farrar,* for defendant in error.

Opinion by AMES, C.   In September, 1906, the Eastman Land & Investment Company (hereafter referred to as "Eastman Company") entered into a contract with one J. G. Marcum for the construction of certain improvements on a mining lease in the Quapaw reservation for a consideration $2,877.   Just afterwards Marcum entered into a contract with the Long-Bell Lumber Company (hereinafter referred to as the "Long-Bell Company"), by which it agreed to furnish him lumber.   Suitable steps were taken by the Long-Bell Company to procure its lien under the Arkansas statutes then in force in the Indian Territory.   After the material had all been delivered, the balance due from Marcum to the Long-Bell Company was ascertained and a lien statement thereafter was duly filed.   Marcum and the Eastman Company also agreed that the Eastman Company should pay this balance, which it owed to Marcum, to the Long-Bell Company, and this agreement was communicated to the Long-Bell Company.   Thereafter the Eastman Company claimed that Marcum had negligently performed his contract, and declined to pay the bill.   Suit was then brought by the Long-Bell Company against Marcum and the Eastman Company, which resulted in a judgment by default against Marcum and a personal judgment against the Eastman Company and a decree foreclosing the lien.   The Eastman Company brings the case here by petition in error.   The principal inquiry in the case is whether the Long-Bell Company was entitled to a personal judgment against the Eastman Company.

It appears from the evidence that about the time of the completion of the contract Marcum and the Long-Bell Company agreed that the balance due it was $1,130.71.   At the same time, Eastman owed Marcum a balance equal to this amount, and it was agreed between Marcum and Eastman that Eastman should pay this sum to the Long-Bell Company.   This agreement was at the time communicated to the Long-Bell Company.   A few

days later the Long-Bell Company, both verbally and by letter, requested Eastman to remit to cover, which Eastman by letter and by word of mouth promised to do. Some controversy, however, arose between Eastman and Marcum about defects in the performance of the contract, and Eastman did not pay the Long-Bell Company. Eastman assigns as error the giving of the following instruction:

"The court further instructs the jury that if you believe from the testimony in this case by a fair preponderance of the testimony that the plaintiff and the defendant Eastman Land & Investment Company entered into a contract or agreement whereby the defendant Eastman Land & Investment Company was to assume the indebtedness of the amount sued for in this case, and agreed to pay the same, it would be your duty to find for the plaintiff and against the Eastman Land & Investment Company for the entire amount agreed to be paid; but, before you can find the defendant Eastman Land & Investment Company indebted upon its verbal promise to pay, you must find by a fair preponderance of the testimony that such verbal promise was based upon some consideration, and that some part of such agreement was carried out and performed."·

Eastman claims that, as the owner is not liable personally to a subcontractor, his promise to Marcum to pay the Long-Bell Company was without consideration, while the Long-Bell Company claims that "an action will lie on the promise made by the defendant to a third person for the benefit of plaintiff, although the plaintiff may not be privy to the consideration."

It is, of course, true that without the promise Eastman would not be personally liable to the Long-Bell Company, as an owner is clearly not liable personally to a subcontractor. *Alberti v. Moore,* 20 Okla. 78, 93 Pac. 543, 14 L. R. A. (N. S.) 1036. And we, therefore, must decide whether or not the promise created a liability. It is unnecessary for us to discuss the question as to whether a third person for whose benefit a contract is made may maintain an action upon it, as the rule is settled by statute in this state. Section 1044, Comp. Laws 1909, provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." This was also the rule in Arkansas, and therefore in the

Indian Territory prior to statehood. *Hecht v. Caughron,* 46 Ark. 132; *Chamblee v. McKenzie,* 31 Ark. 155, 162.

But, while this is true, it does not follow that the third party can enforce a promise, unless the promise itself is based upon a consideration. In other words, it must be a contract as stated in the statute, and unless there is a consideration there is no contract. Comp. Laws 1909, sec. 1040.

"Consideration is something done, forborne, or suffered, or promised to be done, forborne, or suffered by the promisee in respect to the promise." (Anson on Contracts, par. 118.)

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." (Comp. Laws 1909, sec. 1075.)

Applying these fundamental tests to the facts of this case, it is manifest that there was no consideration for the promise of Eastman to pay the Long-Bell Company. Marcum suffered no detriment by reason of this promise; Eastman received no advantage by reason of this promise. Nothing was done, forborne, or suffered by either of the parties, and the same is true of the Long-Bell Company. Eastman's property was still liable to the statutory lien; Marcum was still liable to the Long-Bell Company; Eastman was still liable to Marcum; and the Long-Bell Company still possessed all the rights it formerly had. That the Long-Bell Company did not surrender any right is manifest from the fact that, in this action, it sought and secured judgment against Marcum and a decree foreclosing its lien. That Marcum did not think he acquired any rights, or diminished any liabilities, is manifest from the fact that he permitted this judgment to be taken by default. Of course, if the agreement had been that Eastman should pay the Long-Bell Company, that the Long-Bell Company should discharge Marcum, and that Marcum should discharge Eastman, there would have been a novation supported by consideration on all sides, and this would have supported a personal judgment against Eastman. But this is

clearly not the case, and it would be a misjoinder to sue the contractor and seek a foreclosure of the lien and at the same time seek a personal judgment against the owner, based upon his independent promise to the lienholder. *Jones v. Balsley,* 27 Okla. 220, 111 Pac. 942.

There being no evidence in the case tending to prove a consideration for Eastman's promise, it was, of course, error for the court to submit to the jury that question. The cases of *Manufacturing Company v. Burrows,* 40 Kan. 361, 19 Pac. 809, *Clay v. Woodrum,* 45 Kan. 123, 25 Pac. 619, *Mumper v. Kelley,* 43 Kan. 256, 23 Pac. 558, and *Mulvane v. Sedgley,* 63 Kan. 117, 64 Pac. 1038, 55 L. R. A. 552, cited by the Long-Bell Company, do not support a different conclusion from that which we have reached, as they were cases in which the promise was based upon a consideration. For instance, in the Burrows case the promisor received as a consideration for his promise certain property which was conveyed to him by the promisee, and he was bound to the beneficiary by his promise because of that consideration paid him by the promisee, while in the case at bar Eastman received nothing from the promisee nor the beneficiary.

It is likewise true that there is no evidence in the record tending to show part performance, and it was error for the court to submit that consideration to the jury.

It follows from what has been said, that the giving of the seventh instruction was error, and that instead of giving it the court should have directed the jury to return a verdict for the Eastman Company on the issue of its personal liability.

The fourth instruction submits to the jury the question of the lien, and we do not think there was error in giving it.

It is also alleged that the court erred in permitting parol evidence of the contents of a written notice of the lien. This is true, as the original was not sufficiently accounted for. But, if verbal notice was sufficient, then the error is not reversible. Section 4403 of Mansf. Dig. (Ind. T. Ann. St. 1899, sec. 2870), which requires notice to be given, does not require that it shall be given in writing; but it is urged that section 5205 (section

3410), which provides that "the notices mentioned in the Code shall be in writing, and may be served by a sheriff," etc., applies to this section. , That section is in the Code of Civil Procedure, and we do not think it was intended to apply to all notices in all chapters of the statutes, but merely to those in the Code. And as there was no dispute about the verbal notice having been given, we do not think the error of the trial court in admitting parol evidence of the contents of the written notice is reversible.

Having reached the conclusions herein stated, it is unnecessary to decide whether, if Eastman's promise had been based upon a sufficient consideration, both defendants could have been joined and personal judgment obtained against them. *Second National Bank v. Grand Lodge of F. & A. Masons,* 98 U. S. 123, 25 L. Ed. 75; *Keller v. Ashford,* 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 672; *Willard v. Wood,* 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 213; *Willard v. Wood,* 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 538; *Johns v. Wilson,* 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 616.

For the reasons herein stated, we think the cause should be reversed and remanded to the trial court, with instructions to set aside the personal judgment against Eastman Land & Investment Company, but to leave the remainder of the judgment undisturbed, and that the costs in this court should be equally divided between the plaintiff in error and the defendant in error.

By the Court: It is so ordered.

All the Justices concur.