## STAVER CARRIAGE CO. v. JONES.

No. 1800.  Opinion Filed April 9, 1912.

(123 Pac. 148.)

1.  **CONTRACTS—Contract Made for Benefit of Third Person.** A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it. Comp. Laws 1909, sec. 1044.

2.  **SAME—Consideration.** Such a promise is based upon sufficient consideration, when, pursuant to it, the promisor has received possession of a stock of merchandise from his copartner, and has assumed the partnership debts.

3.  **FRAUDS, STATUTE OF—Agreement to Answer for Debt of Another.** When a member of a partnership buys a stock of merchandise from his partner, and as a part of the consideration assumes the partnership debts, such a promise is not within the statute of frauds, and need not be in writing.

(Syllabus by Ames, C.)

*Error from Craig County Court;*
*Theo. D. B. Frear, Judge.*

Action by the Staver Carriage Company against Theodore Jones and C. W. Kilgore. Judgment for plaintiff by confession against Kilgore, and judgment for Jones, and plaintiff brings error. Reversed and remanded.

*D. H. Wilson,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.

Opinion by AMES, C. The notes sued on in this case were executed by Kilgore & Williams, who were partners engaged in the mercantile business. The evidence tended to show that Williams sold his interest in the business to a brother of Kilgore, and that the firm then became Kilgore & Kilgore; that thereafter Kilgore's brother sold his interest to Jones, and that the firm then became Kilgore & Jones; that thereafter Kilgore sold his interest in the business to Jones, who became the sole owner;

that Jones verbally promised, as a part of the consideration, to pay the debts of the firm; and that these notes constituted a part of the firm indebtedness. The trial court instructed the jury to return a verdict for the defendant Jones, and, this being true, all of the facts which the evidence tends to establish must be taken against him, and, with this rule in mind, we have stated those facts which the evidence tends to prove.

It is, of course, the law in this state that "a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Comp. Laws 1909, sec. 1044 (St. Okla. 1890, sec. 802); *Eastman Land & Investment Co. v. Long Bell Lumber Co.*, 30 Okla. 555, 120 Pac. 276.

It is, of course, true, as we held in the case just cited, that such promise must be based upon a consideration, but in the case at bar Jones received a benefit for his promise, consisting of the stock of merchandise which was delivered to him, and Kilgore suffered a detriment by parting with the stock of goods, and therefore there was sufficient consideration. *Eastman Land & Investment Co. v. Long Bell Lumber Co., supra;* Comp. Laws 1909, sec. 1075.

It is argued, however, that as the promise was in parol it is within the statute of frauds, and therefore the plaintiff cannot maintain this action, because it is an agreement to answer for the debt, default, or miscarriage of another. Comp. Laws 1909, sec. 1089 (St. Okla. 1890, sec. 847). This rule, however, does not apply under the facts of this case. The law applicable is stated in 20 Cyc. at pages 174-176, as follows:

"The promise of a transferee of property, made in consideration of the transfer, to assume and discharge an indebtedness of the transferror to a third person, is obligatory on him, although resting in parol. By adopting this particular mode of discharging his own debt to the transferror the transferee in effect makes the debt of the latter his own; and the fact that by thus paying his own debt he incidentally discharges the debt of another does not bring his promise within the statute of frauds. This principle applies to an oral promise by a grantee of land to pay a debt of the grantor to a third person as part

of the consideration, an oral promise by the purchaser of lands or chattels which are subject to a mortgage or other incumbrance to assume and pay off the incumbrance as part of the price, and an oral promise by a subtenant to pay the rent reserved in a lease, or by an assignee of an interest of a joint lessee to pay the arrears of rent. If, however, the oral promise is made after the purchase, and is not connected with the consideration to be paid therefor, it is a collateral undertaking, and cannot be enforced. The rule stated in the preceding section applies also to verbal agreements by the purchaser of a partner's interest in partnership property to pay, as part of the consideration therefor, the debts of the old firm. By such agreement the debts become the debts of the promisor, and the statute affords him no defense. And the rule is the same, where, upon the withdrawal of one partner, the remaining partners orally assume the payment of the indebtedness of the firm as formerly constituted."

See, also, Comp. Laws 1909, sec. 3577.

While the evidence in this case is not entirely harmonious, there was evidence tending to support the plaintiff's allegations, and the case should have been submitted to the jury under proper instructions. For failure to do so, we think the case should be reversed and remanded.

By the Court: It is so ordered.