## GLAZE v. METCALF THRESHER CO.

No. 6796—Opinion Filed Oct. 9, 1917.

(168 Pac. 219.)

1. **Appeal and Error—Assignments of Error—Consideration.**

Where an appeal is commenced in due time after the rendition of a judgment in the trial court, an assignment of error, complaining of the overruling of a demurrer to plaintiff's amended bill of particulars, may be considered, although the petition in error was not filed in the Supreme Court within the time fixed for filing appeals when computed from the date of the order overruling said demurrer.

2. **Work and Labor—Bill of Particulars—Sufficiency.**

Amended bill of particulars examined, and held to state a cause of action.

3. **Contract for Benefit of Third Person—Enforcement.**

A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it.

4. **Trial— Demurrer to Evidence — Sufficiency of Evidence.**

When defendant's demurrer to plaintiff's evidence was overruled and defendant thereafter offered evidence in his own behalf upon the very point wherein he claimed plaintiff's evidence was deficient, and the cause was submitted to the jury without further exception to the sufficiency of the evidence, if upon all the testimony in the case the judgment was properly rendered, it will not be disturbed on appeal.

5. **Work and Labor—Recovery for Threshing—Question for Jury.**

Evidence examined, and held sufficient to warrant the court to submit the case to the jury.

6. **Instructions—Theory of Parties.**

Instructions examined, and held to fairly submit the case to the jury in accordance with the theory upon which the case was tried.

Error from County Court, Alfalfa County; F. M. Gustin, Judge.

Suit by the Metcalf Thresher Company against Samuel Glaze. Judgment for plaintiff, and defendant brings error. Affirmed.

Parker & Simons, for plaintiff in error.

A. J. Titus, for defendant in error.

HARDY, J. The Metcalf Thresher Company, a copartnership, sued Samuel Glaze to recover a certain amount alleged to be due for threshing certain wheat grown upon the premises of defendant for the season of 1911 and 1912. Defendant filed demurrer to the amended bill of particulars, which was overruled, exceptions reserved, and the case afterwards tried to a jury, resulting in a verdict for plaintiff.

The action of the court in overruling the demurrer is urged as error. In answer to this assignment, plaintiff says that, because the ruling thereon was had more than six months prior to the filing of the petition in error in this court, same cannot be reviewed. Such is not the law. Had the demurrer been sustained instead of being overruled, the contention of plaintiff would be correct, because when the court sustains a demurrer, the effect of such ruling is to eliminate all further consideration of the point involved, but when a demurrer is overruled, the defect in the pleading or the objectionable matter sought to be eliminated is retained in the case, and affects its whole subsequent history, and the error thus committed by the court may be examined when the whole case is considered on appeal, provided the appeal from the final judgment is prosecuted within due time. Love v. Cavett, 26 Okla. 179, 109 Pac. 553; Gvosdanovic v. Harris et al., 38 Okla. 787, 134 Pac. 28; Western Union Tel. Co. v. Dobyns, 41 Okla. 403, 138 Pac. 570; Clinton Cemetery Ass'n v. McAttee, 27 Okla. 160, 111 Pac. 392, 31 L. R. A. (N. S.) 945.

The amended bill of particulars alleged that defendant was indebted to plaintiff in a sum named for work and labor performed by plaintiff; that defendant and one Hill had entered into an oral contract, whereby said Hill was to sow certain lands of defendant to wheat for the season of 1911 and 1912, by the terms of which defendant and Hill were each to receive one-half the amount of wheat grown on said land, and each of said parties was to pay one-half the expense of threshing said wheat, and further alleged that plaintiff was employed by said Hill to thresh said wheat, which work he had performed, and that one-half the amount of wheat threshed had been delivered and retained by defendant, who, although accept-

ing the proceeds of said work and labor, had refused to pay therefor, and prayed judgment. The argument advanced by defendant against the sufficiency of the amended bill of particulars is that it shows on its face that the contract was not made for the benefit of plaintiff, and that plaintiff has no right to maintain an action thereon. Section 895, Rev. Laws 1910, reads as follows:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

This section of the statute is said to be inapplicable because the pleading does not allege that by the terms of the contract plaintiff was to do said threshing, and that therefore the contract was not expressly made for plaintiff's benefit. The court committed no error in overruling the demurrer. According to the contract alleged the defendant was to pay one-half the threshing, and when plaintiff threshed said wheat in pursuance of an agreement entered into with Hill plaintiff was entitled to the benefit of defendant's promise to pay one-half the cost thereof, even though it was not expressly understood at the time the agreement was entered into that plaintiff was to be employed to do the threshing. This is in keeping with the rule that where a person makes a contract with another for the benefit of a third person, the latter may enforce that contract whether he knew of the transaction between such persons at the time of its occurrence and whether the party for whose benefit the agreement was made was ascertained at the time the contract was entered into. Collins v. Kaw City Mill & Elevator Co., 26 Okla. 641, 110 Pac. 734; Eastman Land & Ins. Co. v. Long-Bell Lumber Co., 30 Okla. 555, 120 Pac. 276; Staver Carriage Co. v. Jones, 32 Okla. 713, 123 Pac. 148; Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858; Wilson v. Nelson, 54 Okla. 457, 153 Pac. 1179; 2 Elliott on Contracts, § 1413.

At the close of plaintiff's evidence, defendant demurrer thereto, which demurrer was overruled, and thereafter defendant offered evidence in his own behalf, and it is now urged that the court erred in overruling said demurrer. This question cannot be urged upon this state of the record. After defendant's demurrer to plaintiff's evidence was overruled, by offering evidence in his own behalf on the very point wherein he claimed plaintiff's evidence was insufficient, and by submitting the issues so made in the evidence to the jury without interposing a further demurrer thereto or requesting an

instructed verdict in his favor, defendant waived any error the court may have committed in overruling his demurrer to plaintiff's evidence, and the status of the evidence at the close of the plaintiff's case in chief should not be given further consideration by the trial court or by this court except in connection with all the other evidence in the case to determine whether all of the evidence was sufficient to sustain the verdict for the plaintiff. Rutledge v. Jarvis, 60 Okla. 66, 158 Pac. 586.

The rule is now firmly established that where demurrer to plaintiff's evidence is overruled, if on account of some omission in the testimony it should have been sustained, and defendant thereupon proceeds to offer testimony, and in so doing supplies the omission, the error in the ruling on the demurrer is corrected, and if upon all the testimony in the case the judgment was properly rendered it will not be disturbed on appeal. St. L. & S. F. Ry. Co. v. Loftis, 25 Okla. 496, 106 Pac. 824. Under this rule, this case should not be reversed even though the court committed error in overruling the demurrer, if the evidence subsequently introduced by defendant supplied the defect in the plaintiff's evidence. This rule renders unnecessary a separate review of plaintiff's evidence, and only requires a review of the entire evidence at the close of the whole case. Assuming that this question is properly presented, the evidence was sufficient to sustain the verdict. The case was submitted in the trial court upon the theory that defendant had not agreed to pay any part of the expense of threshing, but that the whole amount thereof was to be paid by Hill. This theory is disclosed in the answer of defendant and in the statement of his counsel to the jury and throughout the trial, because it appears to have been tried and submitted to the jury upon that theory of the case. Having been tried upon that theory, the sufficiency of the evidence must be considered with reference thereto, and defendant will not be permitted in this court to change front and contest plaintiff's right to recover on a theory not suggested in the trial court. Wallace v. Blasingame, 53 Okla. 198, 155 Pac. 1143; Bouton v. Carson, 51 Okla. 579, 152 Pac. 131; C., R. I. & P. Ry. Co. v. McBee, 45 Okla. 192, 145 Pac. 331.

Applying these rules to the evidence before us, it appears that defendant was owner of a certain farm which had been cultivated by Hill for defendant a number of years. When they farmed on equal shares, as in the case at bar, defendant would furnish the seed, pay one-half of threshing expenses, and take one-half the crop as his share. The tenant, Hill, would secure an outfit to do the threshing, and defendant, in performing his part of the agreement, would pay the person doing the threshing direct for his half of the expense. At the time of making an agreement for the year in question it was agreed that Hill should go ahead and put the wheat in the same way he had been putting it in. Hill wanted Glaze to furnish the seed, which Glaze at first did not want to do, but finally agreed to do so, and Hill put in the crop of wheat without any special agreement at the time as to who should do the threshing; it being understood that the land was to be put in the same way as theretofore. After harvest, Hill arranged for plaintiff to do the threshing, and advised defendant, who made no objection thereto. A few days thereafter the plaintiff's manager met defendant, who inquired about the threshing, and was informed that plaintiff would do the same within a few days. The wheat was threshed, and defendant received his half thereof, but refused to pay any portion of the expense. The whole question at issue appears to have been whether defendant agreed to let his tenant, Hill, farm his land the same way it had been done theretofore, and, if so, whether defendant was obligated thereby to pay to plaintiff one-half of the expense of threshing, or whether Hill, as claimed by defendant, agreed to pay all the expense. This issue was squarely drawn in the evidence, and was fairly submitted to the jury, who found against the defendant, and there is ample evidence in the record to sustain the verdict.

The contract having been made for the benefit of plaintiff, this is not a case where it is sought to hold defendant upon an oral agreement to pay the debt of another, and the statute of frauds has no application to the facts before us.

Exceptions were taken to certain instructions given by the court, but as they seem to have submitted the issues to the jury in accordance with the respective theories of the parties, and as from the whole case the verdict appears to be right and substantial justice has been done, the judgment is affirmed.

All the Justices concur.