### BAKER-HANNA-BLAKE CO. v. PAYNTER-McVICKER GROCERY CO. et al.

No. 9399—Opinion Filed June 25, 1918.

Rehearing Denied Aug. 13, 1918.

(174 Pac. 265.)

**1. Trial—Demurrer to Evidence—Ruling.**

Unless the evidence and all of the inferences which a jury could justifiably draw therefrom is insufficient to support a verdict for the plaintiff, it is not error for the trial court to overrule a demurrer to the evidence.

**2. Appeal and Error—Question of Fact—Review.**

In a law case, where there is competent evidence or inferences that the jury can justifiably draw therefrom which reasonably supports the judgment rendered, the court will not disturb such judgment.

**3. Contracts—Contract for Benefit of Third Party—Enforcement.**

By virtue of section 895, Revised Laws 1910, where one sells property to another in part consideration that such purchaser will pay an indebtedness owing by such seller to a third party, such third party may, in his own name, maintain an action against such purchaser, to recover the indebtedness contracted by the purchaser to be paid to such third party.

**4. Same—Payment of Another Indebtedness—Evidence.**

The evidence in this case carefully considered, and held to sufficiently support the judgment rendered.

(Syllabus by Collier, C.)

Error from County Court, Comanche County; R. J. Ray, Judge.

Action by the Paynter-McVicker Grocery Company against the Baker-Hanna-Blake Company, Dona Hinson, and another. Judgment for plaintiff in justice court and from a judgment of the county court, on appeal, in favor of plaintiff, and from the overruling of a motion for a new trial, the Baker-Hanna-Blake Company brings error. Affirmed.

Welty, McLaury & Hopps, for plaintiff in error.

L. M. Gensman and W. T. Dixon, for defendants in error.

Opinion by COLLIER, C. This action was brought in a justice court by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter designated defendant, to recover $37 for goods, wares, and merchandise sold by plaintiff to Dona and Jasper Hinson. The suit resulted in a judgment for the plaintiff, and from this judgment an appeal was taken to the county court of Comanche county, where a jury was waived and this appeal tried to the court.

The undisputed evidence is that the defendant Dona Hinson was engaged in merchandising, and was indebted to the defendant, and, being desirous of discontinuing said business, sold and delivered to said defendant her entire stock in trade, and in addition paid to the defendant the sum of $75. It was also undisputed that at the time Dona Hinson sold and delivered said stock of goods she was indebted to others than the defendant in the sum of $165, including the account of $37 here sued upon. The evidence is in conflict as to whether or not the defendant as a part of the consideration of the purchase of said goods and the payment by said Dona Hinson of said $75 contracted to pay the said sum of $165 owing by her to others, including the claim here sued upon. The husband of Dona Hinson, who acted as her agent in negotiating the sale with one Blake, the president of the defendant company, who acted for the defendant in the purchase of said merchandise, testified that it was understood and agreed that the said defendant assumed and agreed to pay the said indebtedness owing by Mrs. Hinson to others other than the defendant, including the account here sued upon, while Blake as a witness for the defendant testified that the defendant did not assume the payment of said indebtedness, but the said Blake also testified:

"That he was asked by Mrs. Hinson, at a time just after the sale of said merchandise was consummated, as to what he (witness) would do as to said indebtedness of $165, and that he (Blake) replied that he would see about it next week, and that from the way he (witness) answered, Mrs. Hinson undoubtedly believed that witness (Blake) was going to pay it."

There was other evidence introduced on the trial, but we are unable to see that any good would be accomplished by setting out same. The defendant demurred to the evidence, which demurrer was overruled and excepted to. The court rendered judgment for the plaintiff for $37, interest and costs, to which the defendant duly excepted, and, a timely motion for a new trial having been overruled and excepted to, brings the cause here for review.

There are no assignments of error in the brief of defendant. There are several errors assigned in the petition in error, but the only errors insisted upon by the defendant in its brief are: (1) That the court erred in overruling the demurrer to the evidence; (2)

that the judgment is not supported by the evidence; (3) that the plaintiff had no cause of action against the defendant.

We are of the opinion that the evidence, and the reasonable inferences to be drawn therefrom, taken as a whole, shows that, in consideration of the stock of merchandise and the payment of the said $75, the defendant assumed to pay the said outstanding indebtedness of Dona Hinson in the sum of $165, including the account sued on in this action. In Rawlings v. Ufer, 61 Okla. 299, 161 Pac. 183, it is held:

"The test applied to the demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted, and the court cannot weigh conflicting evidence, but must treat that as withdrawn which is most favorable to the demurrant." .

Applying the foregoing rule to the instant case, it is conclusively shown that the court did not err in overruling the demurrer to the evidence.

That where there is any legal evidence or inferences to be drawn therefrom to reasonably support the judgment, this court will not disturb the same is a rule of law so well established in this jurisdiction as not to require citation of authority in support thereof. We are of the opinion that, though the evidence is in conflict, there was sufficient evidence to support the judgment rendered.

The contention of the defendant "that the plaintiff had no cause of action against the defendant; that, if any cause of action existed, it was on the part of Dona Hinson against the defendant"—we think is without merit, as the contract for the payment of the indebtedness here sued upon was made expressly for the benefit of the plaintiff. Section 895, Revised Laws 1910, provides:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Eastman Land & Investment Co. v. Long Bell Lumber Co., 30 Okla. 555, 120 Pac. 276; Staver Carriage Co. v. Jones, 32 Okla. 713, 123 Pac. 148.

Finding no error in the record, this cause is affirmed.

By the Court: It is so ordered.