No. 24,703.

WILLIAM J. RATH, *Appellant*, v. I. O. PONSOR, *Appellee.*

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGE—*Description of Property Sufficient.* The description of property in a chattel mortgage as 100 tons of hay in a barn on the farm of a person named, in a certain township, is sufficient.

2. SAME—*New Note and Mortgage Taken for Same Indebtedness—Original Note and Mortgage Canceled—Original Lien Not Released.* Where a creditor buys a note of his debtor secured by chattel mortgage, and then takes a new note for the aggregate amount of that note and his original claim, with a new mortgage covering the same property together with other articles, and where an intention to release the lien of the first mortgage is not otherwise shown, such lien continues in force for his benefit against a purchaser from the mortgagor (the mortgages being of record) notwithstanding he surrenders the original note and mortgage at the time of receiving the new ones.

3. SAME—*Growing Prairie Grass May be Mortgaged as Personalty.* Growing prairie grass may be mortgaged as personalty, a severance being affected by the execution of the mortgage.

4. SAME—*Mortgagee Treating Property as His Own Without a Sale.* The holder of a chattel mortgage is not precluded from enforcing it against a purchaser from the mortgagor by the fact that he has taken a part of the property and treated it as his own without a sale, where it is manifest that the property so taken was not worth the whole amount of the mortgage debt.

5. SAME—*Irregularity in Form of Chattel Mortgage—Mortgage Enforceable.* Where a blank form of chattel mortgage containing the name of the mortgagee, wherever reference is made to the second party, is used in making a mortgage to another person and such printed name is not changed except where it first occurs, the mortgage may be enforced as a matter of interpretation, without reformation.

6. APPEAL—*Sufficient Abstract of Record.* The abstract is held sufficient to present the questions involved in the appeal.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed October 6, 1923. Reversed.

*J. K. Demoss,* of Neodesha, for the appellant.

*E. D. Mikesell,* and *A. A. Nattier,* both of Fredonia, for the appellee.

The opinion of the court was delivered by

MASON, J.: Wm. J. Rath sued I. O. Ponsor before a justice of the peace for $119 damages for the conversion of a quantity of hay which the plaintiff claimed under a chattel mortgage given him by

W. R. McDaniel.  In the district court a demurrer to the plaintiff's
evidence was sustained and he appeals.

The evidence tended to show these facts:   July 12, 1920, Mc-
Daniel mortgaged the hay with other property to a bank to secure
a note for $193.67, the mortgage being made of record the next day
in the office of the register of deeds.  September 14, 1920, the plain-
tiff bought this note and mortgage from the bank, which assigned
them to him.  On the same day he took from McDaniel a new note
and chattel mortgage upon the hay and other property covering
both the note he had bought from the bank and a debt of about
$1,000 which McDaniel owed him, surrendering to McDaniel the
"papers"— probably the note and a copy of the mortgage, as the
original appears to have been filed with the register.  The defendant
told the plaintiff he bought 17 tons of the hay from McDaniel late
in the fall of 1920.

The defendant asserts that the plaintiff upon his own showing was
not entitled to recover for several reasons, which will be considered
in turn.

1.  The mortgage given to the plaintiff describes the hay as "100
tons of prairie hay in barn on Buel E. Russell farm in Guilford
township, Wilson Co," without stating whether it was baled or loose.
The defendant regards the mortgage as void for insufficiency of
description.  We think it specific enough to identify the property.

2.  The defendant treats the transaction between the plaintiff and
the bank with reference to the note and mortgage for $193.67 as a
voluntary payment by the plaintiff of McDaniel's debt to the bank,
resulting in wiping it out and giving the plaintiff no right to sub-
rogation.  There was evidence however that the plaintiff bought the
note and mortgage from the bank and adding McDaniel's debt of
$193.67 to what he already owed him took a new note and mortgage
for the whole.  The taking of a new note and mortgage although ac-
companied by a surrender of the old ones would not of itself amount
to a payment or discharge of the lien (*Howard v. National Bank,*
44 Kan. 549, 557, 24 Pac. 983, and cases there cited) and the fact
that the later mortgage secured an additional debt and covered
additional property does not change the rule in this regard.  (*Corn-
well v. Moss,* 95 Kan. 229, 147 Pac. 824; 11 C. J. 684, notes 92
and 93.)

3.  The mortgage to the bank described the hay in controversy
as "eighty acres of hay" on a certain farm.  Its validity is chal-
lenged on the ground that the uncut grass was a part of the realty.

Growing grass may be mortgaged as personalty, a severance being effected by the execution of the mortgage. (11 C. J. 445.) It is contended that there was no evidence that the hay described in the second mortgage was the same as that covered by the first. The bank president, who drew the second mortgage, testified that the property covered by the first mortgage was included in it. Moreover, there being evidence that the defendant admitted obtaining the hay from McDaniel late in the fall the invalidity of the first mortgage would not justify the sustaining of the demurrer.

4. The second mortgage included a tractor and a hay press and contained a recital that they were worth respectively $350 and $450. The plaintiff obtained possession of these and without a sale credited his claim with $500, there being no showing that McDaniel —who appears to have absconded—agreed to that amount. The defendant contends that by reason of this the plaintiff failed to show that anything was still due on the debt. As the articles obtained by the plaintiff were valued in the mortgage at $800 their retention by him can not fairly be regarded as wiping out more than that much of the debt, and as the defendant is only sued for $119 he is not prejudiced by the failure to have them sold.

5. The mortgage to the plaintiff was written upon one of the bank's printed forms, which styled the bank as the party of the second part and recited the indebtedness of the first party to it, and thereafter named the bank wherever the expression "party of the second part" would occur in an ordinary blank. In preparing it the banker struck out the name of the bank where it first occurred— in the recital of the indebtedness—and substituted that of the plaintiff, but neglected to make the change elsewhere. The defendant urges that the mortgage should not be enforced without at least being reformed, and that as this proceeding was begun before a justice of the peace reformation cannot be had. The ambiguity in the mortgage, if any, could readily be explained—as it was—by evidence, and effect can be given to it by interpretation without reformation. (*Mumper v. Kelley*, 43 Kan. 256, 23 Pac. 558.)

6. Objection is made to the consideration of the appeal on the ground that the abstract does not purport to contain all the evidence. That is not necessary. The omissions to which attention is called by the defendant's brief are not such as to impair the force of the conclusions already announced.

The judgment is reversed and the cause is remanded for further proceedings.