## SIGMON v. RORABAUGH-BROWN DRY GOODS CO. et al.

No. 13488—Opinion Filed Jan. 9, 1925.

Rehearing Denied May 5, 1925.

**1. Contracts—Contract for Benefit of Third Party—Enforcement.**

A contract made for the benefit of a third party, whereby the promissor undertakes, for a valuable consideration, to answer to a third party for a debt partially created, and to be completed in the future owing by the promisee, to a third party, may be enforced by the latter party at his option against the second promisor. The third party may treat the later promisor in the action as the principal debtor, and the original debtor as surety.

**2. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

The verdict of the jury in the trial of a law action will not be set aside on appeal if there is any testimony which reasonably tends to support the verdict.

**3. Same—Verdict Sustained.**

Record examined; held to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Rorabaugh-Brown Dry Goods Company against D. B. Richardson and C. T. Sigmon. Judgment for plaintiff. Defendant Sigmon brings error. Affirmed.

Robt. Burns, for plaintiff in error.

Embry, Johnson & Tolbert, for defendant in error D. B. Richardson.

Everest, Vaught & Brewer, for defendant in error Rorabaugh Brown Dry Goods Company.

Opinion by STEPHENSON, C. D. B. Richardson entered into a contract with the plaintiff for the latter to furnish and hang draperies in his residence in Oklahoma City for the agreed price of $650. The plaintiff had delivered and placed a part of the draperies, when D. B. Richardson entered into a contract with C. T. Sigmon for the sale of his residence to the latter.

D. B. Richardson claims that a part of the contract was a promise of C. T. Sigmon that he would pay for the draperies as contracted for to be placed in the residence. Sigmon moved into and took possession of the residence pursuant to the contract of sale. The delivering and hanging of the draperies were completed after Sigmon purchased the property and took possession. The defendant refused to pay the contract price of $650. The plaintiff by its amended petition charged the foregoing facts as constituting its right of recovery against the defendants for the draperies. Sigmon filed his answer in which he denied the promise to pay for the draperies. Richardson fi' d his answer in which he set forth the contract of purchase with the plaintiff, and also the promise of Sigmon to pay for the draperies. The defendant Richardson prayed for judgment against Sigmon in the event plaintiff should recover judgment against him.

The trial of the cause resulted in judgment in favor of the plaintiff and against Sigmon for $650, and judgment against Richardson as surety for the payment of the indebtedness.

The defendant Sigmon has appealed the cause and assigns several of the proceedings had in the trial court as error for reversal here. Richardson does not appeal from the judgment.

Sigmon complains that the court erred in overruling his demurrer to plaintiff's petition. The amended petition set forth substantially the foregoing facts.

The plaintiff pleads a contract made by its debtor with Sigmon, whereby the latter undertook and agreed with the debtor to answer to the plaintiff for a contract between the debtor and the plaintiff, which was then partially completed, and to be completed later. The plaintiff pleads that pursuant to the contract between the two defendants. Sigmon accepted a part of the benefits of the contract between Richardson and the plaintiff.

Sigmon makes the point that the attachments and fixtures in the residence were included in the deed of grant, and the title thereto passed to him through the sale and conveyance of the realty. The contention by the plaintiff in error states a correct rule of law, when the parties to the conveyance do not manifest an intention to make an exception to the rule. The contract for the sale of the premises entered into between Richardson and Sigmon reads in part as follows:

"It is further agreed that all shades, screens, electric fixtures, now on the premises should be included in the sales price above mentioned."

This language is meaningless and serves no purpose in the contract, unless it was the intention of the parties, by specially enumerating the items, to exclude other items in the way of attachments in the residence.

The title to all the attachments and fixtures would have passed to Sigmon by the deed of grant, without any reference in the deed of conveyance or contract to the particular property. The apparent intention of the parties, manifested by the enumeration of certain attachments furnishes the basis to support the oral agreement that the title to the draperies did not pass by the deed conveying the real property, and that Sigmon was to pay for the draperies. The situation thus presented does not come within the rule that oral agreements may not be set up to vary the terms of a written contract. The written contract in this case does not manifest the intention to include all attachments.

The contention of Sigmon that he cannot be held to answer for the debt of another, unless in writing, is not applicable to the facts in this case. The plaintiff is not undertaking to hold Sigmon by the promise of the latter directly to the plaintiff. The plaintiff is suing upon a contract made between Richardson and Sigmon whereby the latter, for a valuable consideration, bound himself to perform a certain condition as agent for Richardson, for the benefit of the latter. We know of no rule of law that would prevent the parties from entering into such a contract. Nor could Sigmon rescind the contract, for the reason that it was executed on the part of Richardson. Section 4988, Comp. Stat. 1921; Baker-Hanna-Blake Co. v. Paynter, McVicker Gro. Co., 73 Okla. 22, 174 Pac. 265; Staver Carriage Co. v. Jones. 32 Okla. 713, 123 Pac. 148; Eastman Land & Inv. Co. v. Long-Bell Lbr. Co., 30 Okla. 555, 120 Pac. 276.

The amended petition stated a cause of action, and it was not error to overrule the defendant Sigmon's demurrer to the plaintiff's petition.

The contract between Sigmon and Richardson was executed and the former undertook for a valuable consideration to answer for Richardson's debt. The plaintiff was not legally obligated to accept Sigmon, in lieu of Richardson, as its debtor. It might do so at its option. The plaintiff might accept Sigmon as the principal, and

at the same time lawfully hold Richardson to answer for the same debt as surety. The matter of the plaintiff holding Richardson as surety is not a question about which Sigmon may complain. Malanaphy v. Fuller & Johnson Mfg. Co. (Ia.) 101 N. W. 640, 106 A. S. R. 332.

The real estate agent who handled the sale of the residence testified that Sigmon advised him that he would pay a certain sum of money for the residence, and also pay for the draperies. Defendant Richardson asserted that Sigmon promised to pay for the draperies. Defendant Sigmon filed a demurrer to the evidence on the ground that it did not prove a cause of action against him in favor of the plaintiff. The jury returned its verdict in favor of the plaintiff and against Sigmon for $650; and against defendant Richardson as surety for the payment of the judgment.

Sigmon complains that the evidence does not show that he promised to pay the plaintiff. He takes the further position that the evidence might prove a promise to pay Richardson, but not the plaintiff. The defendant Sigmon appears to overlook the fact that Richardson is in the case taking the position that the promise to pay was not to him, but to the plaintiff. The evidence clearly indicates a promise upon the part of Sigmon to pay some one for the draperies. The promise was made either for the benefit of Richardson or the plaintiff, according to the evidence. The evidence reasonably indicates a promise on the part of Sigmon to answer for the indebtedness. Sigmon is concerned in but one proposition in relation to payment—that the payment when made should be made to a party that would protect him from being called upon to answer for the same debt a second time. Richardson is before the court taking the position that the promise of Sigmon was to pay the plaintiff. The judgment in this case in favor of the plaintiff, on Sigmon's promise, and against the latter, would bar any action or attempt on the part of Richardson to collect upon the same promise.

The question of the premise being made for the benefit of Richardson was not submitted to the jury. This is a question that affects only Richardson, but he is not complaining. He is in the case taking the position that the promise was made to pay the plaintiff. Since the payment of the judgment, under the record in this case, will operate as a satisfaction and bar to the claims of Richardson and the plaintiff, the defendant Sigmon is not in a position to complain of the judgment against him in favor of the plaintiff.

We think there is ample testimony to establish the fact that Sigmon promised to pay either Richardson or the plaintiff for the draperies. Since Richardson takes the position that the promise was to the plaintiff, the question stands as if the promise was to the plaintiff. There is ample testimony to support the verdict in favor of the plaintiff and against the defendant Sigmon. Muskogee Elec. Traction Co. v. Latty, 77 Okla. 156, 187 Pac. 491; Prairie Oil & Gas Co. v. Kinney, 79 Okla. 206, 192 Pac. 586.

The defendant Richardson has not filed any cross-action in this appeal.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 705; (2) 4 C. J. p. 853; (3) 13 C. J. p. 775.