**UNITED STATES v. SINCLAIR PRAIRIE OIL CO.**

No. 1160.

District Court, N. D. Oklahoma.

Nov. 18, 1937.

Whit Y. Mauzy, U. S. Atty., of Tulsa, Okl., Harry W. Blair and Aubrey Lawrence, Sp. Assts. to Atty. Gen., and A. F. Moss and H. R. Young, both of Tulsa, Okl., and C. S. Macdonald and F. W. Files, both of Pawhuska, Okl.

Edward H. Chandler, Summers Hardy, Paul B. Mason, and N. A. Gibson, all of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

This is a suit by the United States on behalf of the Osage Tribe of Indians. The bill of complaint may be summarized thus:

Lessees of the tribe produced oil and ran it into lease tanks where it was measured by a pipe line company and transported by that company to defendant, the purchaser of the oil. This was done under division orders, approved by the superintendent of the Osage Indian Agency, which authorized a 3 per cent. deduction for dirt and sediment, and provided that pipe line grades and measurements should control settlements. Plaintiff asserts that these orders made the pipe line company the defendant's agent and that defendant and its agent became trustees for the tribe. Oil in tanks was measured in feet and inches and quantity reported and royalty payments made to the superintendent on the basis of tank tables showing only 97 per cent. of the total barrels, whereas the full 100 per cent. was reported by the pipe line to the defendant. During a part of the time required reports were not made. It is charged that approval of the 3 per cent. deduction clause was obtained by the false representation that there was in fact 3 per cent. dirt and sediment in the oil; that plaintiff has been paid only 97 per cent. of the royalty due it and is entitled to the additional 3 per cent. The royalties actually paid are set out by years. Settlements were made at stated periods on the basis of the highest market price for each period. Prayer is for cancellation of the division order, appointment of an auditor to determine the amount due, a declaration that defendant is trustee for plaintiff and for a money judgment. During a part of the time in question the purchases were made by another company which has transferred its assets to defendant and defendant has agreed to pay its transferor's obligations.

Defendant moves to transfer the case to the law docket.

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law." 28 U.S.C.A. § 384. Federal Equity Rule 22 (28 U.S.C. A. following section 723) permits the transfer to the law docket of a case erroneously brought in equity.

Stripped to its essentials, plaintiff's bill is grounded on the alleged wrongful deduction of 3 per cent. under the terms of the approved division order. If there was any fraud, it was in obtaining the division order or its approval and not in carrying out the transaction after the document was obtained. If plaintiff is correct in its position that the tribe had elected to receive its royalty oil in kind (which is not now decided), there was at most an outright sale of oil, a measurement by the pipe line company, and payment by the defendant. The relation was that of debtor and creditor, not of trustee and beneficiary.

Discovery, a complicated accounting, and an audit may render the remedy at law inadequate and fix jurisdiction in equity within the principles laid down by Kilbourn v. Sunderland, 130 U.S. 505, 9 S.

Ct. 594, 32 L.Ed. 1005; Kirby v. Lake Shore & M. S. R. R. Co., 120 U.S. 130, 7 S.Ct. 430, 30 L.Ed. 569; Goffe & Clarkener v. Lyons Milling Co. (D.C.Kan.) 26 F. (2d) 801, affirmed (C.C.A.) 46 F.(2d) 241, 83 A.L.R. 501. But in the case at bar, as in Curriden v. Middleton, 232 U.S. 633, 634, 34 S.Ct. 458, 58 L.Ed. 765, "it is said that the facts are complicated, but they are not so on the allegations of the bill, which merely disclose a series of acts alleged to have been parts of the plan to deceive; and further, mere complication of facts alone and difficulty of proof are not a basis of equity jurisdiction."

The transactions here are numerous but not complicated. The bill shows the amount actually paid as royalties in each year. The claim is that the payments made are but 97 per cent. of what is due. If the plaintiff recovers, a simple problem in arithmetic will disclose the amount to which it is entitled. The same is true in determining whether the highest market price was paid for the oil in each period. If the appointment of an auditor is necessary or the scrutiny of the books and records of defendant is desired, that may be done in an action at law. Hopkins, Judicial Code, § 636; United States v. Bitter Root Development Company, 200 U.S. 451, 26 S.Ct. 318, 50 L.Ed. 550; United States Shipping Board Merchant Fleet Corporation v. United States Fidelity & Guaranty Co., 64 App.D.C. 247, 77 F.(2d) 370; Safford v. Ensign Mfg. Co. (C.C.A.4th) 120 F. 480; Childs v. Missouri, K. & T. Ry. Co. (C.C.A.8th) 221 F. 219; Loose v. Bellows Falls Pulp Plaster Co. (C.C.A.2d) 266 F. 81; Mounger v. Wells (C.C.A.) 23 F.(2d) 374; Universal Rim Co. v. General Motors Corporation (C.C.A.6th) 31 F.(2d) 969.

■ The allegation of fraud in obtaining the division order and its attempted cancellation do not help the plaintiff nor fix in equity jurisdiction which would otherwise be at law, the alleged fraud being of such a nature that it may be relieved against at law. 3 Cyc. of Fed.Procedure, p. 109, § 661; South Penn Oil Co. v. Miller (C.C.A.4th) 175 F. 729; Buzard v. Houston, 119 U.S. 347, 7 S.Ct. 249, 30 L.Ed. 451; Adams v. Jones (C.C.A.5th) 11 F. (2d) 759; Central Florida Lumber Co. v. Taylor-Moore Syndicate (C.C.A.5th) 51 F. (2d) 1; United States v. Midway Northern Oil Company (D.C.) 232 F. 619.

■ Lastly, plaintiff asserts that equity has jurisdiction because the suit is based on the promise of the Sinclair Prairie Oil Company to assume and pay the debts of its predecessor corporation. As to the correctness of the asserted principle I confess some doubt. Keller v. Ashford, 133 U.S. 610, 10 S.Ct. 494, 33 L.Ed. 667; Silver King Coalition Mines Company of Nevada v. Silver King Consolidated Mining Company (C.C.A.8th) 204 F. 166, Ann. Cas.1918B, 571; Goodyear Shoe Machinery Co. v. Dancel (C.C.A.2d) 119 F. 692; Dancel v. Goodyear Shoe Machinery Co. (C.C.) 137 F. 157, affirmed (C.C.A.2d) 144 F. 679, and Cobb v. Interstate Mortgage Corporation (C.C.A.4th) 20 F.(2d) 786, and Mobile Shipbuilding Co. v. Federal Bridge & Structural Company (C.C.A.7th) 280 F. 292; Philadelphia Rubber Company v. Rubber Reclaiming Works (C.C.A.2d) 277 F. 171, and Aetna Life Insurance Co. v. Maxwell (C.C.A.4th) 89 F.(2d) 988, appear to support the proposition that such a suit is in equity and may not be maintained at law. As respects a suit by a mortgagee against a purchaser of land who assumed the mortgage owed by his grantor, the Supreme Court of Oklahoma has held the remedy is in equity. Page v. Hinchee, 174 Okl. 537, 51 P.(2d) 487. On the other hand, in Okmulgee Window Glass Co. v. Frink (C.C.A.8th) 260 F. 159, certiorari denied Fink v. Okmulgee W. G. Co., 251 U.S. 563, 40 S.Ct. 342, 64 L.Ed. 415, it is stated in the most positive terms that, where the suit is on the direct promise only, the claimant would have no standing in equity but must proceed at law, but that, if it sought to charge the successor corporation by reason of its having received assets from its transferor, or, in other words, to reach those assets and have them applied to the debt, then the remedy must be in equity. Again it has been said that whether the remedy is in equity or at law depends upon the law of the forum. Central Electric Co. v. Sprague Electric Co. (C.C.A.7th) 120 F. 925; Smith & Co. v. Wilson (C.C.A.8th) 9 F.(2d) 51; Federal Surety Co. v. Minneapolis Steel & Machinery Co. (C.C.A.8th) 17 F.(2d) 242; and see German Alliance Insurance Company v. Homewater Supply Co., 226 U.S. 220, 33 S.Ct. 32, 57 L.Ed. 195, 42 L.R.A. (N.S.) 1000; Heckscher v. Pennsylvania Steel Company (D.C.) 205 F. 377, and 8 Thompson on Corporations (3d Ed.) § 6058; Blue Ridge Electric Co. v. American

Bank Note Co. (C.C.A.5th) 237 F. 755. See, also, Willard v. Wood, 135 U.S. 309, 10 S.Ct. 831, 34 L.Ed. 210. In the situation presented in the case at bar, the Oklahoma cases are not clear as to whether the remedy is at law or in equity, very probably for the reason that the code system of pleading prevails in Oklahoma. Distinction between law and equity is abolished and there has been no occasion for a critical examination of the question here under discussion. Because of the Oklahoma statute as to suits by third persons on a contract made for his benefit and decision of the Supreme Court of Oklahoma in Baker-Hanna-Blake Co. v. Paynter-McVicker Grocery Co., 73 Okl. 22, 174 P. 265, and Glaze v. Metcalf Thresher Company, 67 Okl. 22, 168 P. 219; Staver Carriage Co. v. Jones, 32 Okl. 713, 123 P. 148, it would seem that the remedy may be said to be at law. I therefore conclude that plaintiff's right of recovery in so far as it is based upon the defendant's promise to assume and pay the debts of its predecessor is at law.

The motion to transfer to the law docket is granted.